# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BETTEJANE JENKINS AND THOMAS D. OQUIST, Wife and Husband, ) ) ) | |
| Plaintiffs, ) ) | Case No. |
| v. ) ) | COMPLAINT |
| WELLS FARGO BANK, N.A., Successor by merger to WACHOVIA MORTGAGE, F.S.B. formerly known as WORLD SAVINGS BANK, FSB ) ) ) ) | WITH JURY DEMAND |
| Defendant. ) ) | |

## I.   COMPLAINT

The Plaintiffs, Bettejane Jenkins and Thomas D. Oquist, wife and husband, bring this lawsuit against Defendant for damages and equitable relief.

## II.   JURISDICTION

1. Plaintiffs, Bettejane Jenkins and Thomas D. Oquist, are residents of Snohomish County, Washington and otherwise *sui juris*.

2. Defendant Wells Fargo, N.A. is a foreign corporations but authorized to do business in the State of Washington and are engaged in a substantial number of business transactions in Snohomish County, Washington and further have submitted themselves to

the laws of this jurisdiction in filing multiple foreclosure actions in Snohomish County, Washington.  In the alternative, there is diversity of citizenship because the home office of the Defendant is in another state even though they have continued to conduct business in the State of Washington in large volume.

3. The amount in controversy without interest and costs, exceeds the sum or value specified by 28 U.S.C § 1332.

4. This action involves the federal question in the application of rescission procedures as specified in the Federal Truth in Lending Act, 15 U.S.C. § 1635, et seq. (hereinafter referred to as TILA).

### III.   FACTUAL ALLEGATIONS

5. On July 19, 2015, Plaintiffs sent a Notice of Rescission of a loan transaction, a copy of which is attached as Exhibit "A."

6. More than twenty days have expired since the receipt of said Notice of Rescission of the loan which was sent to Defendant via U.S. Postal Service Certified Mail Tracking No. 7015 0640 0000 6190 7075 (Wells Fargo Home Mortgage) delivered on July 31, 2015 and No. 7015 0640 0000 6190 7051 and delivered on July 27, 2015 (Wells Fargo Bank, N.A. as depicted in the mailing confirmations attached as Exhibit "B."

7. More than twenty days have expired since the receipt of said Notice of Rescission.

8. As set forth in TILA, and the applicable extension as provided in Regulation Z, the loan contract was cancelled upon mailing of the Notice of Rescission.

9. The loan contract was cancelled by operation of law on the date of mailing shown on Exhibit "A."

10. The note was rendered "void" by operation of law on the date of mailing shown on Exhibit "A."

11. The mortgage was rendered "void" by operation of law on the date of mailing shown on Exhibit "A."

12.  Upon information and belief, the subject loan was never consummated.

13. Under TILA, the Defendant Wells Fargo Bank, N.A., if it is a creditor, is required to comply with the rescission within twenty days by performing three acts:

    a.    Return of the cancelled note,

    b.    Filing in the county records such instrument that would release any encumbrance or lien arising out of the cancelled loan contract, and

    c.    Payment of all money received from the Plaintiffs, on behalf of the Plaintiffs, and all money paid for fees, commissions or other compensation in connection with the alleged origination of the loan contract.

14.  The Defendant has failed and/or refused to perform it duties under TILA.

15.  By operation of law, the rescission is effective as of the date and time of mailing and no lawsuit is required by Plaintiffs and no tender of any payment is required by Plaintiffs.

16. In addition to the above-described rescission notices sent on July 19, 2015, Plaintiffs sent a notice disputing the debt as allowed under TILA 15 U.S.C. §1531 on August 5, 2015.

17. This letter was sent within the three year period from Defendant's alleged consummation of the loan, although Plaintiffs do not admit the loan was ever consummated.

18. This disputation of debt set the rescission process in motion as Clear Recon Corp. an agent for Wells Fargo Bank, N.A. did not respond to the request within 20 days of the date of the notice.

### COUNT I – TEMPORARY AND PERMANENT INJUNCTION

19. Plaintiffs re-allege and re-aver the foregoing paragraphs as if specifically set forth herein.

20. This is a cause of action which seeks injunctive relief for preventing the Defendant from collecting forcing, reporting, or taking any affirmative action or seeking any relief with respect to the loan contract that is referenced in the subject Notice of Rescission (Exhibit A).

21. This property is unique in that it is a residential home that is owned by the Plaintiffs and who has made a substantial investment in the property and the property contains their personal items.

22. The subject mortgage loan secures and/or secured the acquisition of Plaintiffs' home, which is their principal dwelling.

23. Plaintiffs will be irreparably damaged by the Defendant in its continued pursuit of a wrongful foreclosure and are in direct violation of TILA.

24. Defendant is proceeding with a non-judicial sale of the property despite the prohibition imposed by TILA, and as recently ruled upon by the United States Supreme Court and under Federal Reserve Regulation Z.

25. A Notice of Trustee's Sale, # 028503-WA was recorded on January 26, 2016, Instrument # 201601260464 in Snohomish County, Washington.

26.     If not enjoined, Defendant has made it clear that it is ignoring federal law and is attempting to unlawfully take this property from the Plaintiffs and casting doubt on the title that will only add to and create complexities in the title that were directly caused by the Defendant and its predecessors in interest.

27.      In order to seek legal redress, Plaintiffs have been obliged to seek the services of legal counsel and they have been obligated to pay reasonable attorney's fees expenses, and costs for which the Defendant should be responsible.

WHEREFORE, Plaintiffs pray this Honorable Court will enter an order enjoining Defendant from any use of any document, claim or instrument referenced as rescinded or cancelled in the subject Notice of Rescission, grant attorney's fees and costs, and grant such further relief as this Court may deem just and proper.

## COUNT II – MANDATORY INJUNCTION

28.     Plaintiffs re-allege and re-aver the foregoing paragraphs as if specifically set forth herein.

29.     Under TILA, Defendant Wells Fargo Bank, N.A., if a creditor, is required to comply with the rescission within twenty days by performing three acts:

 a. Return of the cancelled note,
 b. Filing in the county records such instrument that would release any encumbrance or lien arising out of the cancelled loan contract, and
 c. Payment of all money received from the Plaintiffs, on behalf of the Plaintiffs, and all money paid for fees, commissions or other compensation in connection with the alleged origination of the loan contract.

30. Defendant Wells Fargo Bank, N.A. failed and/or refused to perform their duties under TILA.

31. In fact, Defendant is continuing to process an alleged foreclosure based upon a mortgage which is now void.

32. In order to seek legal redress, Plaintiffs have been obliged to seek the services of legal counsel and they are obligated to pay reasonable attorney's fees, expenses and costs for which the Defendant should be liable.

WHEREFORE, Plaintiffs prays that this Honorable Court will enter an order requiring Defendant to return the cancelled original note to Plaintiffs, to file any documents required to release any claim of encumbrance or lien arising out of the loan contract referenced in the Notice of Rescission, and to order Defendant to pay Plaintiffs all money ever received from Plaintiffs, all money earned by all parties that were paid as a commission to any parties whether previously disclosed or not, all fees in interest thereon, and grant Plaintiffs attorney's fees, expenses and costs of this action and grant such other relief as the Court may deem just and proper including, but not limited to an accounting of all money paid or received as compensation arising out of the execution of instruments by Plaintiffs relating to the loan contract that was referenced in the subject Notice of Rescission.

Respectfully Submitted this 23rd day of March 2016.

NATURAL RESOURCE LAW GROUP PLLC

By /s/*Jill J. Smith*_____

Jill J. Smith, WSBA #41162
5470 Shilshole Ave. NW Suite 520
Seattle, WA 98107
(206) 227-9800 phone
(206) 466-5645 fax
*Attorney for Plaintiffs Bettejane Jenkins and Thomas D. Oquist*