UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BETTEJANE JENKINS AND THOMAS D. OQUIST,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | C16-452 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment, docket no. 9. Having reviewed the motion and related filings, the Court enters the following Order.

**Background**

On June 25, 2007, plaintiffs obtained a $410,000 cash-out refinance loan from World Savings Bank, FSB ("World Savings"). Declaration of Michael Dickhaut, docket no. 10 at ¶ 3-4 & Ex. A, docket no. 10-1. To secure the loan, plaintiffs executed a deed of trust on the property located at 28 231st St. SE, Bothell, WA 98021-8739. Dickhaut Decl. at ¶ 5 & Ex. B, docket no. 10-2. Plaintiffs made regular payments through May of

ORDER - 1

2011, but ceased payment in June of 2011.  *See* Dickhaut Decl., Ex. E, docket no. 10-5 at 15-31.  The loan remains due for the June 15, 2011, payment.  Dickhaut Decl. at ¶ 8.

On July 19, 2015, plaintiffs sent a letter to Wells Fargo, the current loan servicer, stating: "[p]ursuant to the provisions of the Truth in Lending Act (TILA), 15 U.S.C. Section 1635, the above-captioned homeowners hereby rescind/cancel the above-referenced loan, due to violations of TILA, including but not limited to the unlawful failure to give timely and proper notices required under TILA."  Complaint, Ex. A, docket no. 1-1.  Thereafter, plaintiff filed this suit seeking an injunction to effectuate the purported recession.

## Discussion

### A.  Summary Judgment Standard

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  *See Celotex*, 477 U.S. at 322.

ORDER - 2

B.     **Truth in Lending Act**

The Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 *et seq*., provides borrowers in certain consumer credit transactions with two distinct rights to rescind their loan: (1) an unconditional right to rescind within three business days of the consummation of the loan; and (2) a conditional right to rescind if the lender fails to provide certain required disclosures. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). Like its unconditional counterpart, a borrower's conditional right to rescind is time limited. Even if the lender never provides the necessary disclosures, the borrower's right to rescind expires three years after the transaction is consummated or upon sale of the property, whichever comes first. *Id.* (quoting 15 U.S.C. § 1635(f)). If a borrower has a right to rescind under TILA, whether conditional or unconditional, the borrower can execute that right by mailing notification of their intent to rescind to the lender within the statutory period. *Id.* at 792-93.

Wells Fargo correctly asserts that, at the latest, any right plaintiffs had to rescind the loan under TILA expired in 2010, three years after the loan closed on June 26, 2007. Relying on an Oregon district court case, plaintiffs contend that because rescission is effective upon mailing, Wells Fargo had an obligation upon receipt of plaintiffs' notice, pursuant to 15 U.S.C. § 1635(b), to either file suit challenging their right to rescind or begin the unwinding process within twenty days. *See Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239, 1244-45 (D. Or. 2015). The crucial difference between this case and *Paatalo*, however, is that the plaintiff in *Paatalo* mailed the notice of rescission within three years of the loan's consummation. *Id.* at 1240. Here, more than eight years

ORDER - 3

elapsed before plaintiffs mailed their notice and thus, plaintiffs' purported rescission was void *ab initio*, obviating any requirement that Wells Fargo file suit or begin the unwinding process.

Plaintiffs' attempt to circumvent TILA's three-year statute of repose by arguing that there are disputed issues of fact as to whether the loan transaction was consummated. If the loan was never consummated, plaintiffs reason, then the three-year statutory period of repose never began to run and therefore never expired.

Under TILA, "[c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction." *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (quoting 12 C.F.R. § 226.2(a)(13)). "Under the Official Staff interpretation, state law determines when a borrower is contractually obliged." *See Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1009 (9th Cir. 2003) (citing 12 C.F.R. § 226, Supp. 1 (Official Staff Interpretations, cmt. 2(a)(13)). In Washington, "for a contract to form, the parties must objectively manifest their mutual asset" to "sufficiently definite" contractual terms. *See Keystone Land & Development Co. v. Xerox Corp.*, 152 Wn.2d 171, 177-78 (2004). To be enforceable, "the contract must [also] be supported by consideration." *Id.* at 178.

Relying on *Jackson*, plaintiffs contend that a loan is not consummated until the lender is identified. But *Jackson* is inapposite, both because it applies California and not Washington law, and because the promissory note and deed of trust properly identify the lender as World Savings, its successors and/or assignees. *See* Dickhaut Decl., Ex. A at 2 (promissory note) & Ex. B at 3 (deed of trust). It is undisputed that plaintiffs signed and

executed the promissory note and deed of trust in exchange for a $410,000 loan from World Savings in 2007, and that plaintiffs made regular payments on the loan until they ceased payment June of 2011.  These facts unquestionably give rise to an enforceable contract under Washington law.  *See Keystone*, 94 P.3d at 949; *see also Johnson v. Bank of New York Mellon*, No. C16-0833 JLR, 2016 WL 4211529, at *4 (W.D. Wash. Aug. 10, 2016).

Despite the clear existence of an enforceable contract executed in June 2007, plaintiffs argue that Wells Fargo's failure to show "that they did not sell, assign, or otherwise transfer plaintiffs' loan to a mortgage-backed security pool, or that the mortgage loan was not a table-funded loan"[1] somehow precludes summary judgment on the issue of whether the loan was consummated.  But plaintiffs fail to provide any intelligible argument—much less citation to legal authority—that either the type of funding for or subsequent transfers of a loan effect whether that loan was consummated.  Moreover, plaintiffs' position that the loan was never consummated is inconsistent with the existence of a suit whose goal is to effectuate the rescission of a consummated loan transaction.  Either the loan was consummated when the promissory note and deed of trust were executed in June of 2007, and plaintiffs' July 2015 notice of rescission is untimely, or the loan is unconsummated and there is nothing to rescind.

---

[1] "In a table funded loan, the originator closes the loan in its own name, but is acting as an intermediary for the true lender, which assumes the financial risk of the transaction." *Easter v. American West Financial*, 381 F.3d 948, 955 (9th Cir. 2004).

ORDER - 5

In sum, any right plaintiffs had to rescind the loan transaction expired in June of 2010, three years after the transaction was consummated, and thus, plaintiffs' July 2015 notice of rescission had no legal effect.  Accordingly, plaintiffs' claims are DISMISSED with prejudice.

In light of the Court's ruling on Wells Fargo's motion for summary judgment, the stipulated motion regarding trial and pretrial deadlines, docket no. 23, is STRICKEN as moot.

**C.    Rule 11 Sanctions**

In addition to this suit, plaintiffs' counsel, Jill J. Smith, has filed numerous actions in this district on behalf of borrowers seeking to effectuate purported rescissions pursuant to TILA, which were executed well after the three-year statute of repose expired.[2]  Both this Court and Judge Robart have already sanctioned Ms. Smith for repeatedly asserting her frivolous legal theory concerning TILA rescissions and the arguments in support thereof.  *See Bank of New York Mellon*, 2016 WL 4211529, at *3-5; *Johnson v. Nationstar Mortgage*, 2016 WL 6075574 at *2.

---

[2] *See Johnson v. Bank of New York Mellon*, C16-0833 JLR, 2016 WL 4211529 (W.D. Wash. Aug. 10, 2016); *Johnson v. Green Tree Servicing, LLC*, No. C15-1685 JLR, 2016 WL 1408115 (W.D. Wash. Apr. 6, 2016); *Johnson v. Nationstar Mortgage, LLC*, C15-1754-TSZ, 2016 WL 6075574 (W.D. Wash. Mar. 10, 2016); *Stennes-Cox v. Nationstar Mortgage, LLC*, C15-1682-TSZ, 2016 WL 5795284 (W.D. Wash. Mar. 9, 2016); *Nieuwejaar v. Nationstar Mortgage, LLC*, No. C15-1663 JLR, 2016 WL 4543203 (W.D. Wash. Feb. 9, 2016).  Ms. Smith has also filed several additional actions that appear to be based on essentially identical allegations.  *See Pelzel v. GMAC Mortgage, LLC*, No. 16-5643 RBL (filed on July 20, 2016); *Maxfield v. IndyMac Mortgage Services*, No. C16-00564 RSM (filed on April 18, 2016); *Burton v. Shellpoint Mortgage Servicing*, No. C15-5769 RBL (dismissed based on *res judicata*); *Velasco v. Mortgage Electronic Registration Systems, Inc.*, No. C16-5022 RBL (dismissed based on *res judicata*); and *Elder v. Pinnacle Capital Mortgage Corporation*, No C16-5355 RBL (dismissed based on unopposed motion to dismiss by defendant Ocwen Loan Servicing).

ORDER - 6

On March 10, 2016, in *Johnson v. Nationstar Mortgage*, this Court ordered Ms. Smith to show cause why she should not be sanctioned $5,000 pursuant to Federal Rule of Civil Procedure 11(c)(1).  Specifically, the Court ordered Ms. Smith "to explain why the plain text of 15 U.S.C. § 1635(f) and the Supreme Court's ruling in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015) . . . [did] not squarely foreclose this suit."  *Johnson v. Nationstar Mortgage*, 2016 WL 6075574 at *2.  Ms. Smith failed to respond to the Court's show cause order, *see Johnson v. Nationstar Mortgage*, No. C15-1754-TSZ, docket no. 41, and despite the Court's clear admonition that suits of this nature potentially violated Rule 11(b)(2), filed the instant action on March 31, 2016.  Ultimately, on May 20, 2016, this Court sanctioned Ms. Smith $5,000 in *Johnson v. Nationstar Mortgage*, which she paid into the Court registry on July 27, 2016.

This sanction did not deter Ms. Smith, however, who on June 6, 2016, filed another complaint based on the same legal theory.  *See Johnson v. Bank of New York Mellon*, No. C16-0833 JLR, docket no. 1.  After ordering Ms. Smith to show cause, Judge Robart—noting the "troubling series" of frivolous TILA rescission actions filed by Ms. Smith and that prior sanctions had been ineffective in deterring her conduct—sanctioned Ms. Smith $10,000,[3] required her to reimburse any attorney's fees or costs paid by her client, and *sua sponte* dismissed the case with prejudice.  *See Bank of New York Mellon*, 2016 WL 4211529 at *3 (concluding that "Ms. Smith's factual allegation that 'the loan was never consummated' and the legal theories underpinning that allegation violate Rules

---

[3] Ms. Smith has represented that she is "wholly unable" to pay the $10,000 sanction imposed by Judge Robart.  *See Johnson v. Bank of New York Mellon*, No. C16-0833 JLR, docket no. 14.

ORDER - 7

1  11(b)(2) and 11(b)(3)"). Despite the sanctions levied by both this Court and Judge

2  Robart, on September 3, 2016, Ms. Smith filed an opposition to Wells Fargo's motion for

3  summary judgment in this case that advances the same, comprehensively rejected

4  arguments in defense of the same frivolous legal theory for which she has already been

5  sanctioned.

6      In light of Ms. Smith's disregard for the clear import of these sanctions, the Court

7  ORDERS Ms. Smith to show cause why the Court should not impose additional sanctions

8  pursuant to Federal Rule of Civil Procedure 11(c). Specifically, Ms. Smith shall explain

9  why her contentions that plaintiffs' notice of rescission was effective on mailing and that

10  plaintiffs' loan was never consummated "are warranted by existing law or by a

11  nonfrivolous argument for extending, modifying, or reversing existing law or for

12  establishing new law," *see* Fed. R. Civ. P. 11(b)(2), in light of the plethora of cases in

13  which Ms. Smith has served as counsel, including *Johnson v. Nationstar Mortgage* and

14  *Johnson v. Bank of New York Mellon*, which have thoroughly rejected these arguments.

15      Ms. Smith's conduct is especially concerning given that she may be accepting

16  money from clients in exchange for her pursuit of entirely frivolous rescission actions on

17  their behalf. Accordingly, the Court is considering monetary sanctions of $5,000 and

18  reimbursement of any attorney's fees and costs paid by plaintiffs in connection with this

19  case. In addition, because it is clear that even significant monetary sanctions have not

20  sufficed to deter repetition of the conduct, *see* Fed. R. Civ. P. 11(c)(4), the Court is

21  considering the imposition of one or both of the following non-monetary sanctions: (1)

22  requiring Ms. Smith to file a copy of this Order, together with any order imposing

23

ORDER - 8

sanctions, each time she files a TILA rescission action in federal court; and (2) referral to the Washington State Bar Association.

**Conclusion**

For the foregoing reasons, defendant Wells Fargo's motion for summary judgment, docket no. 9, is GRANTED, plaintiffs' complaint is DISMISSED with prejudice, and plaintiffs' counsel, Jill J. Smith, is ORDERED to show cause why she should not be sanctioned pursuant to Federal Rule of Civil Procedure 11(c). In light of the Court's ruling on Wells Fargo's motion for summary judgment, the stipulated motion regarding trial and pretrial deadlines, docket no. 23, is STRICKEN as moot.

IT IS SO ORDERED.

Dated this 27th day of December, 2016.

Thomas S. Zilly
United States District Judge

ORDER - 9